TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00455-CV

Ruben P. Garcia, Appellant

v.

Metropolitan Property and Casualty Insurance Company, Appellee

FROM THE COUNTY COURT AT LAW NO. 5 OF BEXAR COUNTY, 

NO. 226,358, HONORABLE TIMOTHY F. JOHNSON, JUDGE PRESIDING 

 Ruben Garcia seeks to appeal the trial court's summary judgment in favor of
appellee Metropolitan Property and Casualty Insurance Company. We will dismiss the appeal for
want of jurisdiction.

 Following Metropolitan's denial of homeowner's insurance coverage, Garcia sued
Metropolitan on various causes of action. Garcia also sued Alberto Arroyo and Arroyo
Engineering, the engineer and the engineering firm that Metropolitan hired to investigate his
insurance claim. Metropolitan moved for summary judgment on Garcia's claims against it. 
Garcia filed a notice of nonsuit as to his claims against Arroyo and Arroyo Engineering. The trial
court subsequently signed an order granting Metropolitan's summary-judgment motion, but the
record does not reflect that the court ever signed an order granting the nonsuit as to Arroyo and
Arroyo Engineering.

 The appellate timetable commences to run only upon a signed order, even when
signing such an order is purely ministerial. Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496
(Tex. 1995). The trial court's summary judgment here did not contain a Mother-Hubbard clause
and did not in any other way dispose of Garcia's claims against Arroyo and Arroyo Engineering. 
See Mafrige v. Ross, 866 S.W.2d 590, 591 (Tex. 1993). Although Garcia filed a notice of nonsuit
as to these two remaining defendants, the appellate timetable could not be triggered until the trial
court dismissed them by signed order. Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508, 510
(Tex. 1995). The judgment was thus not final for purposes of appeal.

 Apart from exceptions not applicable here, this Court lacks jurisdiction over a
judgment that is not final. North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 898 (Tex.
1966). See Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West 1997). We therefore dismiss the
appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: August 31, 1998

Do Not Publish